# STATE OF NORTH CAROLINA

Beaufort County

File No. 21 CVS 361

In The General Court Of Justice
☐ District  ☒ Superior Court Division

**Name And Address Of Plaintiff 1**
Steven C. Fuchs
c/o Harvell and Collins, P.A.
1107 Bridges Street
Morehead City    NC    28557

**Name And Address Of Plaintiff 2**

FILED
2021 MAY -5 P 12: 01
BEAUFORT CO., C.S.C.
BY_____

# GENERAL CIVIL ACTION COVER SHEET

☒ INITIAL FILING    ☐ SUBSEQUENT FILING

Rule 5(b) of the General Rules of Practice for the Superior and District Courts

## VERSUS

**Name And Address Of Defendant 1**
City of Washington
Attention: Town Manager
Municipal Building, 102 E Second Street
Washington    NC    27889

**Summons Submitted**
☒ Yes    ☐ No

**Name And Address Of Defendant 2**

**Summons Submitted**
☐ Yes    ☐ No

**Name And Address Of Attorney Or Party, If Not Represented** (complete for initial appearance or change of address)
Wesley A. Collins
Harvell and Collins, P.A.
1107 Bridges Street
Morehead City    NC    28557

**Telephone No.** 252-726-9050
**Cellular Telephone No.**

**NC Attorney Bar No.** 29156
**Attorney Email Address** wcollins@harvellandcollins.com

☒ Initial Appearance in Case    ☐ Change of Address

**Name Of Firm** Harvell and Collins, P.A.
**Fax No.** 252-727-0055

**Counsel For**
☒ All Plaintiffs    ☐ All Defendants    ☐ Only: (list party(ies) represented)

☒ Jury Demanded In Pleading    ☐ Complex Litigation    ☐ Stipulate to Arbitration

## TYPE OF PLEADING

(check all that apply)
- ☐ Amend (AMND)
- ☐ Amended Answer/Reply (AMND-Response)
- ☐ Amended Complaint (AMND)
- ☐ Assess Costs (COST)
- ☐ Answer/Reply (ANSW-Response) (see Note)
- ☐ Change Venue (CHVN)
- ☒ Complaint (COMP)
- ☐ Confession Of Judgment (CNFJ)
- ☐ Consent Order (CONS)
- ☐ Consolidate (CNSL)
- ☐ Contempt (CNTP)
- ☐ Continue (CNTN)
- ☐ Compel (CMPL)
- ☐ Counterclaim (CTCL) Assess Court Costs
- ☐ Crossclaim (list on back) (CRSS) Assess Court Costs
- ☐ Dismiss (DISM) Assess Court Costs
- ☐ Exempt/Waive Mediation (EXMD)
- ☐ Extend Statute Of Limitations, Rule 9 (ESOL)
- ☐ Extend Time For Complaint (EXCO)
- ☐ Failure To Join Necessary Party (FJNP)

- ☐ Failure To State A Claim (FASC)
- ☐ Implementation Of Wage Withholding In Non-IV-D Cases (OTHR)
- ☐ Improper Venue/Division (IMVN)
- ☐ Including Attorney's Fees (ATTY)
- ☐ Intervene (INTR)
- ☐ Interplead (OTHR)
- ☐ Lack Of Jurisdiction (Person) (LJPN)
- ☐ Lack Of Jurisdiction (Subject Matter) (LJSM)
- ☐ Modification Of Child Support In IV-D Actions (MSUP)
- ☐ Notice Of Dismissal With Or Without Prejudice (VOLD)
- ☐ Petition To Sue As Indigent (OTHR)
- ☐ Rule 12 Motion In Lieu Of Answer (MDLA)
- ☐ Sanctions (SANC)
- ☐ Set Aside (OTHR)
- ☐ Show Cause (SHOW)
- ☐ Transfer (TRFR)
- ☐ Third Party Complaint (list Third Party Defendants on back) (TPCL)
- ☐ Vacate/Modify Judgment (VCMD)
- ☐ Withdraw As Counsel (WDCN)
- ☐ Other (specify and list each separately)

NOTE: All filings in civil actions shall include as the first page of the filing a cover sheet summarizing the critical elements of the filing in a format prescribed by the Administrative Office of the Courts, and the Clerk of Superior Court shall require a party to refile a filing which does not include the required cover sheet. For subsequent filings in civil actions, the filing party must include either a General Civil (AOC-CV-751), Motion (AOC-CV-752), or Court Action (AOC-CV-753) cover sheet.

(Over)
AOC-CV-751, Rev. 3/19, © 2019 Administrative Office of the Courts

Case 4:21-cv-00081-FL   Document 1-1   Filed 06/09/21   Page 1 of 16



# HARVELL AND COLLINS, P.A.
## ATTORNEYS AT LAW
### 1107 BRIDGES STREET
### MOREHEAD CITY, NORTH CAROLINA 28557

TELEPHONE (252) 726-9050
FACSIMILE (252) 727-0055

FILED
2021 MAY -5 P 12:01
BEAUFORT CO, C.S.C.
BY_____

May 4, 2021

**VIA UPS OVERNIGHT DELIVERY**
Beaufort County Courthouse
Beaufort County Clerk of Court
Attention: Civil Division
112 W Second Street
Washington, North Carolina 27889

    Re:   Our File Number: 21-120
           Our Client: Steven Fuchs

Dear Madam or Sir Clerk:

    I have enclosed the original and one copy each of the Civil Action Cover Sheet and Complaint in the above referenced matter. I have enclosed several copies of the summons. I have also enclosed our law firm's check number 43774 in the amount of $200.00 for your filing fee.

    Please file the original and copy of the Civil Action Cover Sheet and Complaint. Please sign the summonses and keep one white copy for your file. Please forward the filed and signed copies in the prepaid overnight envelope provided for your convenience.

    If you have any questions regarding this matter, please do not hesitate to contact this office. Thank you for your time and attention to this matter.

                                       Sincerely yours,

                                       Rebecca R. Wilson
                                       Litigation Paralegal

RRW/lr
Enclosures

www.harvellandcollins.com

| STATE OF NORTH CAROLINA | | File No. 21 CVS 361 |
|---|---|---|
| Beaufort County | | In The General Court Of Justice<br>☐ District ☒ Superior Court Division |

| Name Of Plaintiff |
|---|
| Steven Fuchs |
| Address |
| c/o Harvell and Collins, P.A. 1107 Bridges Street |
| City, State, Zip |
| Morehead City NC 28557 |

**CIVIL SUMMONS**
☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE)

G.S. 1A-1, Rules 3 and 4

**VERSUS**

| Name Of Defendant(s) |
|---|
| City of Washington |

Date Original Summons Issued

Date(s) Subsequent Summons(es) Issued

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| City of Washington<br>Attention: Town Manager<br>Municipal Building, 102 E Second Street<br>Washington NC 27889 | |

⚠ **IMPORTANT!** You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!

¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!
Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and
2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (If none, Address Of Plaintiff) | Date Issued | Time |
|---|---|---|
| Wesley A. Collins<br>Harvell and Collins, P.A.<br>1107 Bridges Street<br>Morehead City NC 28557 | 5.5.21 | 2:27 ☐ AM ☒ PM |
| | Signature C. William | |
| | ☐ Deputy CSC ☒ Assistant CSC ☐ Clerk Of Superior Court | |

atty doing service

| | Date Of Endorsement | Time |
|---|---|---|
| ☐ **ENDORSEMENT (ASSESS FEE)**<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | | ☐ AM ☐ PM |
| | Signature | |
| | ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** *Many counties have MANDATORY ARBITRATION programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

(Over)

# RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

## DEFENDANT 1

| Date Served | Time Served | AM ☐ PM ☐ | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

## DEFENDANT 2

| Date Served | Time Served | AM ☐ PM ☐ | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

STATE OF NORTH CAROLINA

COUNTY OF BEAUFORT

FILED
2021 MAY -5 P 12:01

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
FILE NUMBER: 21 CVS 361

STEVEN C. FUCHS,

    Plaintiff,

v.

CITY OF WASHINGTON,

    Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

**COMPLAINT**

NOW COMES PLAINTIFF, STEVEN C. FUCHS, by and through undersigned counsel, and complaining of Defendant, by alleging and stating as follows:

## PARTIES, JURISDICTION, & VENUE

1. Plaintiff, Steven C. Fuchs, is a citizen and resident of Beaufort County, North Carolina.

2. Defendant, City of Washington, is a municipal corporation in Beaufort County, North Carolina charged under and by virtue of the laws of the State of North Carolina. It is governed by a city council which exists pursuant to and subject to the duties, obligations, and limitations set forth under federal and North Carolina law and the City of Washington zoning ordinances.

3. Jurisdiction over this cause is conferred upon and vested in this Court under and by virtue of, *inter alia*, the laws of the State of North Carolina.

4. Venue is proper in this Court under and by virtue of, *inter alia*, N.C. Gen. Stat. § 1-82.

## FACTS

5. Plaintiff is the owner of a certain tract of land bearing tax identification number 5685-76-7123 and is located at the intersection of Brick Kiln Road and Whootentown Road, Washington, North Carolina (hereinafter "Subject Parcel").

6. The property consists of 4.98 acres.

7. The Subject Parcel is currently zoned RA20 (Residential Agricultural). Section 40-76 of the Washington Code of Ordinances states "[t]he RA20 Residential Agricultural District is primarily designed to accommodate a compatible mixture of single-family dwellings and agricultural uses at lower densities of approximately two (2) units or less per acre. These areas are generally found in areas without sewer service that are not yet appropriate for development at higher densities."

8. Despite this classification, the City 2013-2023 Comprehensive Land Use Plan provides for an eventual rezoning of the Subject Parcel to the O&I (Office and Institutional) classification. Section 40-84 of the Washington Code of Ordinances states that "O and I Office and Institutional District is primarily designed to accommodate a compatible mix of business, professional, and institutional uses, in addition to providing a desirable buffer between commercial and low-density residential uses."

## THE INITIAL REZONING REQUEST

9. Upon information and belief, on or about January 14, 2020, Plaintiff submitted his rezoning request, seeking to rezone the Subject Parcel from RA20 to R15S (Residential), the same as the eight other parcels abutting the Subject Parcel to the Northeast.

10. On or about February 25, 2020, the City Planning Board unanimously recommended approval of proposed rezoning to R15S to the City Council.

11. This rezoning request then came before the City Council on March 9, 2020. During that meeting, city staff indicated that the requested rezoning is compatible with the exiting land uses in the area and meets the intent of the Comprehensive Plan and Future Land Use Map.

12. Upon information and belief, during that meeting, council members asked Mr. Fuchs if he had any specific plans for the property, and the city attorney advised the council not to ask of specific plans but to instead consider all permissible uses in that district.

13. Upon information and belief, by way of example and not limitation, Mayor Pro Tem Sadler asked Plaintiff what his plans were for the property, demonstrating that Mr. Sadler had concerns about certain *specific* land uses allowed under the R15S zoning classification rather than considering all of the permitted uses in the R15S zoning classification. That evening, the City Council did not vote on the rezoning request, as there were only four members present, and the matter was tabled until the April 13, 2020 meeting.

## THE APRIL 13, 2020 MEETING

14. Upon information and belief, at the April 13, 2020 meeting, the Council members made comments that demonstrated their decisions on the rezoning request that evening were made on arbitrary and capricious bases without consideration of legitimate governmental interests:

   a. At the outset of the meeting, Councilman Brooks voiced his opposition to the rezoning request, indicating his experience on the Planning Board made him categorically opposed to rezoning once zoning is in place.

   b. Councilwoman Finnerty stated that the City Council should simply listen to the neighbors, noting the opposition of some neighboring property owners due to the possibility that multi-family dwellings could be constructed on an R15S-zoned property with a special use permit. Councilwoman Finnerty noted that the key difference between the two zoning classifications was the ability to construct multi-family dwellings, stating that that must be the reason Plaintiff requested the

rezoning. Upon information and belief, Councilwoman Finnerty did not consider the other potential land uses permitted on R15S-zoned properties.

c. Councilman Pitt also voiced his opposition to the rezoning request on the basis that neighboring property owners opposed the rezoning request.

d. Council woman Kane made statements regarding increased traffic relative to apartment construction, demonstrating that she did not consider all the allowed uses for the property but singled out one use.

15. Upon information and belief, the City Council did not indicate that, after reviewing the request to rezone the Subject Tract to R15S, as the eight adjoining properties were zoned, there were any problems with the rezoning on its merits or that rezoning would materially endanger the public health or safety, substantially injure the value of adjoining or abutting properties, not be in harmony with the area, or not be in general conformity with the Land Use Plan.

16. Ultimately, the town council unanimously denied Mr. Fuch's rezoning request, despite the unanimous recommendation of the planning board that the rezoning be granted, the city staff report concluding that the requested rezoning is compatible with the existing land use in the area and meets the intent of the comprehensive land use plan and future land use maps.

17. Upon information and belief, in voting to deny the request, the City Council did not consider the Comprehensive Land Use Plan, nor did the City Council explain why the Subject Parcel should be treated differently from the eight adjoining parcels currently zoned R15S.

18. Upon information and belief, the council's motion to deny the rezoning request did not articulate any basis for the denial, and as at the March 9, 2020 meeting, the Council continued to question Mr. Fuchs about his specific use of the property, despite the city's attorney having indicated that such questions were inappropriate.

4

## THE SECOND REZONING REQUEST

19. Upon information and belief, on or about May 7, 2020, and as permitted under the Zoning Ordinance, Plaintiff, through his agent (who held an option to purchase the Subject Parcel conditioned upon the rezoning), submitted a second rezoning request. This time, the request was for the property to be rezoned from RA20 to O&I, consistent with the Comprehensive Plan and Future Land Use Map.

20. Upon information and belief, this request was also consistent with two parcels approximately one-hundred feet to the south of the Subject Parcel, bearing tax identification numbers 5686-75-4533 and 5685-75-3711, directly across the intersection of Brick Kiln Road and Whootentown Road from the Subject Parcel, and for which a rezoning request to O&I had been granted by the City Council in 2003.

21. On June 23, 2020, the Planning Board again unanimously recommended that the City Council approve the rezoning request.

22. On July 13, 2020, this rezoning request came before the City Council. During the City Council meeting, city staff reported that the city's future land use map recommends that the Subject Parcel be zoned O&I, which is what Mr. Fuchs was seeking. In addition, City staff noted that in its opinion, the requested rezoning satisfied the City's Comprehensive Land Use Plan and Future Land Use Map.

23. Upon information and belief, the City Council, however, again failed to impartially preside over a fair hearing.

24. Upon information and belief, at the hearing, citizens in favor of the rezoning and in opposition to the zoning were present. Those opposed either cited an unsubstantiated and erroneous view that because Mr. Fuchs served on the board of adjustment, he was prohibited from seeking to have his land rezoned, or voiced vague, generalized concerns about traffic and drainage.

25. Upon information and belief, citizens in favor of the rezoning included a member of the planning board, and the developer, who discussed how the rezoning complies with the City's Comprehensive Land Use Plan and Future Land Use Map, and the proposed rezoning would ultimately be a benefit to the community in terms of jobs, tax revenue, and the like.

26. Upon information and belief, when the City Council voted on the second rezoning request to O&I, the City attorney correctly informed the Council that any motion to deny the request would need to articulate a reason why the denial of Mr. Fuchs' request would be reasonable and in the public interest, otherwise, the denial would be susceptible to challenge.

27. Upon information and belief, the City Attorney articulated a motion to deny the rezoning request for the City Council, but he specifically advised the City Council to add language to the motion explaining why the Council believes that denying Mr. Fuchs' request is reasonable and in the public interest.

28. Upon information and belief, despite the City Attorney's advice, the motion made by the City Council did not add additional language to the motion explaining why the denial of the request was reasonable and in the public interest.

29. Upon information and belief, the City Council voted to deny the rezoning request, despite the fact that the requested rezoning was consistent with the City's Comprehensive Land Use Plan.

30. Upon information and belief, as in the March and April City Council meetings, the City Council did not provide any bases for its decision that were connected to legitimate governmental interests and made comments demonstrating arbitrary and capricious reasons for denying Mr. Fuchs' request. By way of example and without limitation:

a. One councilmember discussed an anecdote of a developer walking around his neighborhood improperly lobbying children to increase support for a proposed project;
b. Once councilmen discussed his personal experience of hiring a lawyer to oppose rezoning in the councilmember's neighborhood;
c. One councilmember surveyed the audience to see where the citizens in opposition to the rezoning request reside;
d. One councilmember acknowledged that the rezoning request was consistent with the City's Comprehensive Land Use Plan, but said, "There is nothing unusual about a city Council revisiting such things."

31. Upon information and belief, it was clear that the denial of the rezoning request was the result of personal biases against rezoning and of extreme deference to a handful of citizens who opposed the rezoning request, so much so that the motion to deny the rezoning request was "due to the reasons expressed by the neighboring citizens." The City Council as a whole even recognized in the motion to deny the rezoning request that the rezoning request was consistent with the Comprehensive Land Use Plan.

## THE THIRD REZONING REQUEST

32. Upon information and belief, Plaintiff again sought rezoning of the Subject Parcel to O&I, again consistent with the Comprehensive Plan and Future Land Use Map.

33. Upon information and belief, on or about March 8, 2021, this rezoning request came before the City Council. During the City Council meeting, Plaintiff's attorney presented to the City Council the basis for the request and informed the City Council that treating Plaintiff differently from similarly situated property owners violated Plaintiff's equal protection rights.

34. Upon information and belief, the City Council, however, again failed to impartially preside over a fair hearing.

35. Upon information and belief, one council member indicated that because Plaintiff sat on the board of adjustment, he should not be seeking to rezone his property, thus implying that because Plaintiff served on the board of adjustment, his rights to rezone his property were different from those of similarly situated property owners.

36. Upon information and belief, as before, the Council denied Plaintiff's request, despite the fact that the requested rezoning was consistent with the City's Comprehensive Land Use Plan.

37. Upon information and belief, the Council summarily concluded, without evidence in support, that "[a]lthough the request is generally compatible with the City's current Comprehensive Plan and Future Land Use Map, the proposed rezoning and its permissible uses would be detrimental to the landowners and community surrounding as well as nearby the tract." The Council further stated that "[i]n light of this decision and previous decisions concerning this tract as well as nearby properties, the City is in the process of initiating a revision of its Comprehensive Plan and Future Land Use Map to conform them to this decision . . . ."

38. At that same hearing, the Council unanimously approved the rezoning of a 9.76-acre tract from R15S to O&I, although the request was "generally inconsistent the City's current Comprehensive Plan and Future Land Use Map."

39. Upon information and belief, none of the reasons stated by the City Council for voting against the rezoning of the Subject Tract to conform to the City's Comprehensive Plan and Future Land Use Map were supported by competent, material, and substantial evidence in the record.

40. Upon information and belief, at each hearing, Plaintiff presented competent, material, and substantial evidence that the submitted rezoning request conformed to either the zoning classifications of adjacent properties and/or the City's Comprehensive Land Use Plan.

41. Upon information and belief, although members of the public spoke at the various meetings, no competent, material, and substantial evidence was offered to support the denial of the rezoning request.

42. Upon information and belief, the reasons cited by the City Council in opposition to the rezoning requests were erroneous as a matter of law.

43. Upon information and belief, the competent, material, and substantial evidence in the record shows that the rezoning request for the Subject Tract met all the criteria set forth in the governing ordinances relative to rezoning.

44. Upon information and belief, the City Council had no basis in law or fact to deny the rezoning request and the purported reasons cited by the Council were mere pretext.

45. Upon information and belief, Plaintiff was denied due process and equal protect of law as its rezoning request was denied when similar requests had been approved.

## DECLARATORY JUDGMENT ACTION

46. This action seeks a declaratory judgment that the City of Washington's denial of Plaintiff's rezoning request and the failure to adopt the zoning amendment is invalid.

47. This Court has jurisdiction of the declaratory judgment of this action under N.C. Gen. Stat. § 1-253, *et seq*.

48. Plaintiff owns the Subject Tract addressed in the rezoning request, sought the rezoning and has been and will be harmed by the failure to adopt the rezoning request. Plaintiff is an aggrieved party with standing to bring this action.

49. This Complaint was filed within two months of the failure to adopt the zoning amendment by the City Council. Therefore, this action is timely pursuant to the provisions of N.C. Gen. Stat. §1-54.1 and N.C. Gen. Stat. § 160A-364.1.

50. The record of proceedings before the City Council reveals that the rezoning request was reasonable and necessary to promote the public health, safety and general welfare and to achieve the purposes of the of the Comprehensive Plan and Future Land Use Map."

51. The record of proceedings before the City Council reveals that the adoption of the rezoning request was consistent with the City's Plan.

52. The record of proceedings before the City Council reveals that the failure to adopt the rezoning request is arbitrary and capricious, whimsical, lacking fair and careful consideration, and had no foundation in reason and bore no substantial relation to the public health, morals, safety, or welfare in that:

   a. Plaintiff presented substantial, competent, and material evidence in support of the rezoning request and there was no substantial, competent, and material evidence presented to support a contrary finding or to otherwise deny the request;
   b. The City did not establish any rational basis for classifying and treating Plaintiff's rezoning request and property differently from other similarly situated requests and properties;
   c. The City flouted its own Comprehensive Plan and Future Land Use Map;
   d. The City attempted to modify its Land Use Map in order to deny Plaintiff's future applications;
   e. One or more members of the City Council were improperly biased against Plaintiff's requests and participated actively in the City Council's decision to deny Plaintiff's rezoning request.

53. This City Council's denial of Plaintiff's rezoning request was not based on competent, material, or substantial evidence in the whole record.

54. The City Council's denial of Plaintiff's rezoning request resulted in the loss of the sale of the property, as the sale was conditioned upon the rezoning, resulting in damages to Plaintiff in excess of $25,000.00.

55. The record of proceedings before the City Council reveals that the failure to adopt the rezoning request is patently in bad faith.

56. The Constitution imposes limits on the legislative power to zone by forbidding arbitrary, capricious, and unduly discriminatory interference with the rights of property owners.

57. Plaintiff was denied due process and equal protection of the laws guaranteed under, the Fifth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. § 1983, and under Article I, Section 19 of the North Carolina Constitution.

## JURY DEMAND

1. Plaintiff demands a trial by jury on all issues so triable.

**WHEREFORE**, Plaintiff respectfully prays that this Court:

1. Declare that the City Council acted arbitrarily and capriciously when it denied Plaintiff's rezoning request, and to further declare that Plaintiff's petition should be remanded for rehearing in light of the Land Use Map as it existed when his rezoning petition was filed.

2. Declare that the City Council denied Plaintiff due process and equal protection of the laws guaranteed under the Fifth and Fourteenth Amendments to the United States Constitution, under 42 U.S.C. § 1983, and under Article I, Section 19 of the North Carolina Constitution.

3. Declare that the City Council acted contrary to the evidence and arbitrary and capriciously when it denied Plaintiff's rezoning petition and, therefore, its decision is null and void.

4.  Declare that Plaintiff's rezoning petition should be remanded to the City Council for entry of a decision consistent with the substantial, competent, material, and unrefuted evidence supporting the rezoning.

5.  Order that Plaintiff's rezoning request be granted and for an award of damages in excess of $25,000.00 be awarded to Plaintiff.

6.  Tax the costs of this action, including reasonable attorney's fees, against Defendant.

This the 4 day of May, 2021.

HARVELL AND COLLINS, P.A.
*Attorneys for Plaintiff*

By /s/ Wesley A. Collins
Wesley A. Collins
NC Bar No.: 29156
1107 Bridges Street
Morehead City, NC 28557
Telephone: (252) 726-9050
Facsimile: (252) 727-0055
wcollins@harvellandcollins.com
